

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TROY DOUGLAS BRIMM,<br><br>Plaintiff,<br><br>vs.<br><br>DIOMEDES GENAO-GOMEZ, MARIA CORNELIA MARTINEZ-TOMAS, BERNARDO SILVERIO, ROMITA RODRIGUEZ, D.S.G.M., and J.A.R.P.,<br><br>Defendants. | CV 14-00197-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Troy Brimm's Motion for Leave to Proceed in Forma Pauperis and proposed Complaint. (Doc. 1, 2). Brimm, appearing pro se, brings this action alleging malicious prosecution and abuse of power and intentional infliction of emotional distress.

## I. Motion to Proceed in Forma Pauperis

Brimm submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Brimm submitted an account statement showing average monthly deposits of $70.83 over the six months period immediately preceding the filing of his Complaint. (Doc. 1.)

1

Therefore, an initial partial filing fee of $14.17 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Brimm to collect the initial partial filing fee from Brimm's account and forward it to the Clerk of Court.

Thereafter, Brimm must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Brimm to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statement of the Case

### A. Parties

Brimm alleges he is a citizen and resident of the United States and Montana. He alleges Defendant Diomedes Genao-Gomez is a tourist driver for the Hotel Barcelo in Sosua, Puerto Plata and a resident of the Dominican Republic. There is no indication of the employment of the other named Defendants Maria Cornelia Martinez-Tomas, Bernardo Silverio, Romita Rodriguez, D.S.G.M. and J.A.R.P. but they are all listed as residents of the Dominican Republic. (Complaint, Doc. 2

at 1-2.)

### B. Allegations

Brimm alleges that on May 3, 2012, Defendants Genao, D.G. and J.R. made a false report to police in Cabarete alleging that Brimm had engaged in sex acts with D.G. and J.R. Based on this information, Brimm was arrested and charged with a crime of sex with minors. At the office of the District Attorney in Puerto Plata, Defendants Genao, Martinez, Silverior, and Rodriguez demanded that Brimm pay a sum of $25,000 dollars in order for the charges against him to "disappear." Brimm refused. At his preliminary hearing on May 4, 2012, after witness testimony that Genao was already known to have attempted a similar scheme using his daughter, the charges against Brimm were dismissed with prejudice. (Complaint, Doc. 2 at 3.)

Brimm brings claims of malicious prosecution and abuse of process and intentional infliction of emotional distress.

### C. Criminal Action

Brimm was charged by indictment in the United States District Court for the Southern District of Florida on June 26, 2012 of two counts of engaging in illicit sexual conduct in foreign places with a minor in violation of 18 U.S.C. § 2423(c) and one count of being a registered sex offender who committed a felony sex

offense involving a minor in violation of 18 U.S.C. § 2260A. *United States v. Troy Douglas Brimm*, 1:12cv20482-KMM (S.D. Florida, Doc. 6–Indictment.)[1] The victims in the Florida case are the minors D.S.G.M. and J.A.R.P. who are named as Defendants in this case. Another named Defendant, Maria Martinez, appears to be the mother of D.S.G.M. *United States v. Troy Douglas Brimm*, 1:12cv20482-KMM (S.D. Florida, Doc. 99–Sentencing Transcript at 19.)

Brimm proceeded to jury trial on August 28, 2012 and was found guilty of all three counts. He was sentenced to 413 months imprisonment in January 2013. He has appealed his conviction and sentence. *United States v. Troy Douglas Brimm*, 1:12cv20482-KMM (S.D. Florida, Doc. 86–Judgment; Doc. 88–Notice of Appeal.) That appeal is currently pending before the Eleventh Circuit Court of Appeals. *See United States v. Troy Brimm*, Eleventh Circuit Court of Appeals Docket No. 13-10392.

### III. Prescreening

#### A. Standard

Brimm is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal

---

[1] The Court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant

leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Jurisdiction**

Brimm alleges there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Brimm is currently incarcerated in a federal penitentiary in Arizona. Prisoners are generally citizens of the state where they were domiciled at the time of their incarceration. See 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37(8)(a) (3d ed.1999); *Sullivan v. Freeman*, 944 F.2d 334 (7th Cir. 1991).

For purposes of determining diversity jurisdiction, an individual person is deemed a citizen of the state in which he is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). In the Ninth Circuit, the longstanding rule is: "[a] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" *Id* at 749. Courts have identified several factors to consider when determining domicile: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts,

6

location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. No one factor is determinative. *Id.*

A United States citizen domiciled abroad is not domiciled in a State and is therefore "stateless." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3rd Cir. 2008).[2] "Thus, American citizens living abroad cannot be sued (or sue) in federal court based on diversity jurisdiction as they are neither 'citizens of a State,' *see* 28 U.S.C. § 1332(a)(1), nor 'citizens or subjects of a foreign state,' *see id.* § 1332(a)(2)." *Swiger*, 540 F.3d at 184. The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).

Brimm asserts that he is a citizen and resident of Montana but that bare allegation is contradicted by information from his criminal case. In that case, Brimm handwrote and filed a statement of stipulated facts in which he stated that he had traveled to the Dominican Republic on October 20, 2009 and did not leave the Dominican Republic until May 8, 2012 when he was flown to Miami, Florida in the custody of the U.S. Marshal's Service. *United States v. Troy Douglas*

---

[2]The opinion in *Swiger* was authored by Ninth Circuit Senior Judge Tashima sitting by designation.

*Brimm*, 1:12cv20482-KMM (S.D. Florida, Doc. 48 filed August 28, 2012).

In addition, the United States in its appellate brief, citing Brimm's Pre-Sentence Investigation, indicated that Brimm's term of supervised release in another prior criminal case was revoked on November 20, 2007. He was allowed to remain on bond pending the appeal of that revocation but as set forth above, he went to the Domincan Republic on October 20, 2009. The revocation of Brimm's supervised release was affirmed in 2010 but Brimm (who was then in the Dominican Republic) failed to self-surrender as required by the terms of his bond. *See United States v. Troy Brimm*, Eleventh Circuit Court of Appeals Docket No. 13-10392, Appellee's Brief filed June 25, 2014.

Brimm, although a United States citizen, was not domiciled in Montana or any other State at the time of his incarceration. Based upon this information it appears that he had established a fixed habitation in the Dominican Republic where he had rented several apartments (*United States v. Troy Douglas Brimm*, 1:12cv20482-KMM (S.D. Florida, Doc. 66: Trial Transcript at 10-11) and that he intended to remain there indefinitely. *See Lew*, 797 F.2d at 749 ("[a] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'") There being no indication that Brimm was domiciled anywhere

other than the Dominican Republic prior to his arrest and incarceration, the Court finds that Brimm was domiciled in the Dominican Republic and could not be a citizen of an American state for diversity purposes.[3] Therefore, Brimm was in effect "stateless" for purposes of § 1332(a). *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828–30 (1989) (finding the presence of one "stateless" defendant who was a U.S. citizen but nonetheless not a citizen of any state a "jurisdictional spoiler" that destroyed complete diversity). Brimm's "stateless" status destroys complete diversity under § 1332(a). As there is no allegation of federal question jurisdiction, this matter should be dismissed for lack of subject matter jurisdiction.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or

---

[3]To the extent Brimm has evidence that he was domiciled somewhere other than the Dominican Republic prior to his incarceration, he may present that information in his objections to these Findings and Recommendations.

finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Brimm has no arguable basis in law or fact to bring this matter in federal court and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### D. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a

10

claim. 28 U.S.C. § 1915(g). The Court finds that the filing of this matter is both frivolous and malicious. Brimm, a convicted sex offender, was convicted in federal court of sexual abuse of children based upon the facts giving rise to his Complaint in this Court. Brimm alleges that the charges against him in the Dominican Republic were dismissed, yet he failed to mention his federal conviction arising from the same facts. To file a lawsuit against the victims of the crimes for which he has been convicted is malicious at best. *See Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005)("A case is malicious if it was filed with the 'intention or desire to harm another.'")

Moreover, Brimm chose to file this matter in Montana without any alleged connection to Montana. He attempted to bring claims arising under the laws of the Dominican Republic against residents of the Dominican Republic regarding acts which allegedly occurred in the Dominican Republic in a federal district court in which he does not appear to have any connection. The filing of this action should constitute a strike pursuant to 28 U.S.C. § 1915(g) because the filing of it is malicious.

### E. Address Change

At all times during the pendency of this action, Brimm shall immediately advise the Court of any change of address and its effective date. Failure to file a

notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Brimm's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on June 27, 2014.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed for lack of subject matter jurisdiction. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The filing of Brimm's Complaint is malicious.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Brimm may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of July, 2014.

Jeremiah C. Lynch
United States Magistrate Judge

---

[4] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.