IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TROY DOUGLAS BRIMM, | CV 14–197–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DIOMEDES GENAO-GOMEZ, MARIA CORNELIA MARTINEZ-TOMAS, BERNARDO SILVERIO, ROMITA RODRIGUEZ, D.S.G.M., and J.A.R.P., | FILED<br>OCT 2 8 2014<br>Clerk, U.S. District Court<br>District Of Montana<br>Missoula |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on July 10, 2014, recommending that Troy D. Brimm's ("Brimm") Complaint be dismissed for lack of subject matter jurisdiction. Judge Lynch further found Brimm's Complaint frivolous and malicious and recommended that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). Judge Lynch recommended that a certificate of appealability be denied. Brimm timely objected to the Findings and Recommendations and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). For the reasons stated below, the Court adopts Judge

-1-

SCANNED

Lynch's Findings and Recommendations in full.

Brimm is a federal prisoner proceeding pro se. Because Brimm moved to proceed in forma pauperis, Judge Lynch conducted a preliminary screening of the Complaint under Title 28 U.S.C. § 1915(e)(2). Judge Lynch then examined whether the Court has jurisdiction over this action. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

## I. Subject Matter Jurisdiction

Based on the examination of jurisdiction, Judge Lynch found that Brimm is domiciled in the Dominican Republic and is therefore "stateless." A United States citizen who is domiciled abroad is "stateless" for purposes of subject matter jurisdiction and cannot sue or be sued in federal court based on diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Judge Lynch's finding was based on information from the underlying criminal case in which Brimm was convicted. In that case, Brimm stipulated that "[f]rom October 20, 2009 through May 8, 2012, the defendant did not travel outside of the Dominican Republic." *United States v. Troy Douglas Brimm*, 1:12-cr-20482-KMM (S.D. Florida, Doc. 48 filed Aug. 28, 2012). During his time in the Dominican Republic, Brimm lived in at least three different apartments. *United States v. Troy Douglas Brimm*, 1:12-cr-20482-KMM (S.D. Florida, Doc.

66: Trial Transcript at 10–11, 62, 65, 73). Brimm also failed to self-surrender after the Ninth Circuit Court of Appeals affirmed the revocation of his supervised release from a different prior criminal conviction. Appellee's Br. at 49–50, *United States v. Troy Brimm*, (11th Cir. June 25, 2014) (No. 13-10392, available on PACER). Brimm remained in the Dominican Republic for 18 months following the revocation of his supervised release and only returned to the United States when he was arrested and extradited. *Id.*

Brimm objects to Judge Lynch's finding that he is "stateless" and claims that he is domiciled in Montana. As the party asserting diversity jurisdiction, Brimm bears the burden of proving he is domiciled in Montana. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). To support his claim, Brimm states that he "fully 'intends to remain [in Montana] permanently or indefinitely.'" (Doc. 6 at 8.) He provides a general affidavit which simply declares he is domiciled in Montana and that he intends "to remain there indefinitely." (Doc. 6-1 at 8.) He alleges that Montana is where his personal and real property is located, where he last paid taxes, where his mother lives, and where he maintains a business address. The nominal exhibits Brimm provides to support these claims consist of a single page from a 2009 1099 form, California bank account statements, and a health insurance statement that all list a Libby Montana address.

To be a citizen of a state within the meaning of Title 28 U.S.C. § 1332, a person must be domiciled within the state. *Lew*, 797 F.2d at 749. An individual's domicile is the "location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.' " *Id.* at 749–750 (quoting *Owens v. Hunting*, 115 F.2d 160, 162 (9th Cir. 1940)). Courts evaluate domicile "in terms of 'objective facts,' and [ ] 'statements of intent are entitled to little weight when in conflict with facts.'" *Id.* at 750. (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985)).

The Court is unconvinced by Brimm's claim that he is domiciled in Montana. Brimm's statements of intent in his objections and affidavit are entitled to little weight. *Id.* Brimm only lived in Montana for a period of four months, from April to October of 2009, before departing to the Dominican Republic. He did not return to the United States until he was extradited in May 2012. These objective facts lead the Court to conclude that Brimm intended to stay in the Dominican Republic indefinitely. Brimm's exhibits do not establish a Montana domicile. At most, these exhibits prove that he listed his mother's address in Montana for his California bank accounts and health insurance. Furthermore, the 1099 he provides does not indicate that it was filed in Montana. The Court agrees

with Judge Lynch's determination that Brimm was domiciled in the Dominican Republic and is consequently "stateless." The Court therefore lacks subject matter jurisdiction. Moreover, Brimm's complaint must be dismissed because of other obvious and independent deficiencies.

## II. Personal Jurisdiction

An in forma pauperis complaint which can allege no set of facts that would support personal jurisdiction may be deemed frivolous and dismissed sua sponte. *Sanders v. U.S.*, 760 F.2d 869, 871 (11th Cir. 1985); *Martin-Trigona v. Smith*, 712 F.2d 1421, 1424 (D.C. Cir. 1983). The Court thus undertakes a sua sponte review of personal jurisdiction here.

There is no applicable statute governing personal jurisdiction in this case; thus, the Court must apply the law of Montana. *King v. American Family Mut. Ins. Co.*, 632 F.3d 570, 578 (9th Cir. 2011). The Ninth Circuit recognizes that Montana's long arm-statute "permit[s] the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process." *Davis v. Am. Family Mut. Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988). The jurisdictional analysis, therefore, is the same under Montana law and federal due process. *King*, 632 F.3d at 579. In order to establish personal jurisdiction under the federal due process analysis, "the defendant must have certain minimal

contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) (citing *Intl. Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

Brimm has the burden of establishing that the Court has jurisdiction over the Defendants. *Davis*, 861 F.2d at 1161. Brimm alleges no facts to support the Court's exercise of personal jurisdiction over the Defendants. Brimm claims that all the Defendants are citizens and residents of the Dominican Republic. (Doc. 2 at 1–2.) Moreover, all events forming the alleged basis of the action occurred in the Dominican Republic. (Doc. 2 at 2.) The Defendants have no alleged contacts with Montana. At least one Defendant had never been out of the Dominican Republic before testifying against Brimm in the underlying criminal case. *United States v. Troy Douglas Brimm*, 1:12-cr-20482-KMM (S.D. Florida, Doc. 66: Trial Transcript at 42).

The Court concludes that the Defendants lack the necessary minimal contacts to support this Court's exercise of jurisdiction over them. The Defendants are all citizens and residents of the Dominican Republic who have never been to Montana. There is, thus, no constitutional basis upon which the Court could exercise personal jurisdiction over the Defendants. Therefore, the

Court lacks both subject matter and personal jurisdiction over this action.

Under Title 28 U.S.C. § 1631, if a court finds it lacks jurisdiction, "the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting 28 U.S.C. § 1631). Again, Brimm claims that all the Defendants are citizens and residents of the Dominican Republic with no alleged contacts in the United States, and all events giving rise to the alleged cause of action occurred in the Dominican Republic. There is, therefore, no other district in which the action could be brought and the interests of justice do not require the transfer of the case.

### III. Collateral Estoppel

Brimm was found guilty in the United States District Court for the Southern District of Florida of two counts of engaging in illicit sexual conduct in foreign places with a minor in violation of Title 18 U.S.C. § 2423(c) and one count of being a registered sex offender who committed a felony sex offense involving a minor in violation of Title 18 U.S.C. § 2260A. In his complaint, Brimm alleges that the Defendants conspired to extort money from him by making false allegations against him of the sexual conduct he was convicted of in the underlying criminal case. The Court thus concludes Brimm's claims could also be

dismissed through application of the collateral estoppel doctrine. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

### IV. Frivolous and Malicious

Judge Lynch found Brimm's Complaint both frivolous and malicious for purposes of Title 28 U.S.C. § 1915(g). The in forma pauperis statute, however, grants courts the power to "dismiss [a] case at any time if the court determines that" the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The Court has conducted a preliminary screening of the Complaint under Title 28 U.S.C. § 1915(e)(2) as part of the Court's *de novo* review of the record.

Frivolous in forma pauperis complaints may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325. Because Brimm's in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous. *Sanders*, 760 F.2d at 871; *Martin-Trigona*, 712 F.2d at 1424 (D.C. Cir. 1983).

Judge Lynch found Brimm's Complaint "malicious at best" because Brimm

has filed a lawsuit against the victims of crimes for which Brimm has been convicted in the United States District Court for the Southern District of Florida. (Doc. 4 at 11.) Brimm "strenuously objects" to this finding and provides the sworn statements of two citizens of the Dominican Republic to support his claim that the Complaint is not malicious. (Doc. 6 at 8; Doc. 6-1 at 4–7.)

The Ninth Circuit defines a case as malicious "if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting *Webster's Third New International Dictionary* 1367 (1993)). For the reasons given by Judge Lynch, the Court agrees that Brimm's Complaint is malicious and it must be dismissed.

Pro se litigants are typically given an opportunity to amend a complaint, "unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970). The Court concludes the deficiencies in the Complaint pertaining to personal jurisdiction cannot be cured by amendment. Moreover, when a district court concludes an in forma pauperis action is frivolous, the court may dismiss the litigant's complaint without an opportunity to amend. *Franklin v. Murphy*, 745 F.2d 1221, 1226–1227 (9th Cir. 1984). The Court also concludes that the deficiencies in the Complaint pertaining to maliciousness cannot be cured by

amendment. The Court, therefore, dismisses the Complaint as frivolous and malicious under Title 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend.

## V. Certificate Regarding Appeal

Judge Lynch recommended that the Court certify that any appeal of this matter would not be taken in good faith. Brimm objects.

An in forma pauperis litigant may not be granted leave to appeal "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1913(a)(3). Because Brimm's complaint lacks an arguable basis in law or fact, it is frivolous, *Neitzke v. Willaims*, 490 U.S. 319, 325, 327 (1989), and an appeal could not objectively be taken in good faith. *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962). The Court therefore certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## VI. "Strike" under 28 U.S.C. § 1915(g)

Judge Lynch recommended that the Court certify that the dismissal count as a strike pursuant to Title 28 U.S.C. § 1915(g). Brimm objects.

Under the Prison Litigation Reform Act, a prisoner is prohibited from bringing "a civil action . . . under this section if the prisoner has, on 3 or more occasions . . . brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim."

28 U.S.C. § 1915(g). Based on the above analysis of the frivolousness and maliciousness of the Complaint, the Court holds the filing of this action constitutes a strike pursuant to Title 28 U.S.C. § 1915(g).

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL. The Complaint (Doc. 2) is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) that any appeal of this decision would not be taken in good faith and that this dismissal counts as a strike pursuant to Title 28 U.S.C. § 1915(g).

The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff. This case is CLOSED.

DATED this 28th day of October 2014.

Dana L. Christensen, Chief Judge
United States District Court